UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD LOISEAU )
)
Plaintiff, )
)
v. )
) CASE NO.:
)
UNITED COLLECTION BUREAU, INC; and )
)
JPMORGAN CHASE BANK, N.A. )
)
Defendants )

Richard Loiseau
P. O. Box 917585
Longwood, FL 32791
407-497-3530
Email: RLGLOBAL@AOL.COM

**COMPLAINT**

1

**INTRODUCTION**

a. This action arises out of the unlawful and unauthorized levy of Plaintiff's bank accounts by Defendants United Collection Bureau, Inc. ("Debt Collector") and JPMorgan Chase Bank, N.A. ("Chase"), in a manner that blatantly disregards the protections afforded to consumers under both federal and state law. Without prior notice, consent, or a valid court order, Defendants have placed holds on Plaintiff's funds, directly causing significant financial harm and distress. Further compounding this egregious behavior, Chase imposed additional "legal processing fees" on Plaintiff's accounts, exacerbating the financial injury suffered by Plaintiff.

b. At no time prior to these unauthorized levies did Plaintiff receive any communication from the Debt Collector concerning the alleged debt, nor was he afforded any opportunity to dispute the validity of such debt, in clear violation of his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 et seq. The actions of Defendants not only constitute a breach of the statutory duties imposed by these acts but also represent a breach of contract and negligence on the part of Chase, causing direct and tangible harm to Plaintiff.

c. Plaintiff brings forth claims under the FDCPA and FCCPA, along with state law claims for breach of contract and negligence against Chase, demanding accountability for the violation of his legal rights and the distress and financial harm inflicted upon him.

d. This Court's intervention is urgently sought to prevent further injustices and to uphold the fundamental legal protections intended to safeguard consumers from such unwarranted and harmful actions.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it involves federal questions arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff is a resident of Lake Mary, Florida, Seminole Coutny.

4. Defendant United Collection Bureau, Inc. is a company that does business in Indiana and is engaged in the business of debt collection.

5. Defendant JPMorgan Chase Bank, N.A., is a banking corporation with branches in Florida, including in this District.

## FACTUAL ALLEGATIONS

6. On or around March 1, 2024, Plaintiff discovered that Defendants had levied several of his accounts with Chase without prior notice or contact regarding the alleged debt.

7. Defendants' actions included placing holds on Plaintiff's checking and savings accounts totaling $3,945.19.

8. In addition, Chase charged Plaintiff for "legal processing fees" for an amount of $100.

9. At no time prior to the levying of his accounts did Plaintiff receive any communication from the Debt Collector regarding the alleged debt.

10. Defendant Chase froze Plaintiff's accounts without notice to Plaintiff and caused him further harm.

## COUNT I: VIOLATION OF THE FDCPA (HARASSMENT OR ABUSE) AGAINST UNITED COLLECTION BUREAU, INC.

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

12. The Debt Collector's conduct in levying Plaintiff's accounts without prior notification constitutes harassment or abuse in violation of 15 U.S.C. § 1692d.

## COUNT II: VIOLATION OF THE FDCPA (FALSE OR MISLEADING REPRESENTATIONS) AGAINST UNITED COLLECTION BUREAU, INC.

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

14. The Debt Collector's failure to communicate with Plaintiff regarding the debt, combined with the unauthorized levy of his accounts, constitutes the use of false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

## COUNT III: VIOLATION OF THE FDCPA (UNFAIR PRACTICES) AGAINST UNITED COLLECTION BUREAU, INC.

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

16. The actions of the Debt Collector in levying Plaintiff's accounts without any prior notice or verification of debt amount to unfair practices under 15 U.S.C. § 1692f.

## COUNT IV: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST UNITED COLLECTION BUREAU, INC.

17. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

18. The Debt Collector's actions violated the FCCPA, Fla. Stat. § 559.72, by communicating with Plaintiff in such a manner as to harass or abuse, and by employing deceptive and misleading representations regarding the debt.

## COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES AGAINST JPMORGAN CHASE BANK, N.A.

19. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

20. Chase's practice of freezing accounts without proper notice and the imposition of legal processing fees without justification constitute unfair and deceptive trade practices in violation of the the FCCPA, Fla. Stat. § 559.72, causing financial harm and distress to Plaintiff.

## COUNT VI: BREACH OF CONTRACT AGAINST JPMORGAN CHASE BANK, N.A.

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

22. Chase breached its contractual obligations to Plaintiff by allowing the levy of Plaintiff's accounts without proper legal process and by charging unjustified legal processing fees.

## COUNT VII: NEGLIGENCE AGAINST JPMORGAN CHASE BANK, N.A.

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Chase owed a duty of care to Plaintiff to act in compliance with legal standards and banking regulations before permitting a levy on Plaintiff's accounts, which Chase breached, resulting in harm to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award actual damages, statutory damages, and punitive damages;

b. Grant injunctive relief to prevent further violations of law;

c. Award costs of litigation; and

d. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

*Richard Loiseau*
Richard Loiseau
03/04/2024

## AFFIRMATION

I, RICHARD LOISEAU, AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING FACTUAL ALLEGATIONS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

*Richard Loiseau*  03/04/2024

RICHARD LOISEAU


Respectfully submitted,

*Richard Loiseau*
Richard Loiseau
Richard Loiseau
P. O. Box 917585
Longwood, FL 32791
407-497-3530
Email: RLGLOBAL@AOL.COM