# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RICHARD LOISEAU,

Plaintiff,

v. Case No: 6:24-cv-451-WWB-LHP

UNITED COLLECTION BUREAU, INC.,

Defendant

---

## REPLY BRIEFING ORDER

After settlement against one other Defendant, and in its present form, this case has been distilled down to *pro se* Plaintiff Richard Loiseau's[1] claims under the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") against Defendant United Collection Bureau, Inc. Doc. No. 30 (Counts I through IV). Before the Court are various motions, all of which are interrelated. First, Defendant has filed a motion for summary judgment. Doc. No. 39. Second, Plaintiff has filed two motions in response, to include a Federal Rule of Civil Procedure 56(d) motion for deferral or denial of Defendant's motion

---

[1] Plaintiff is an attorney, but he is not licensed in Florida or admitted to this Court.

for summary judgment pending discovery, and a motion for an extended time period to respond to Defendant's motion for summary judgment. Doc. Nos. 55–56.[2] Defendant has responded in opposition to both. Doc. Nos. 62–63. Finally, Plaintiff has filed a motion for leave to file a second amended complaint. Doc. No. 61. Defendant opposes based on futility of amendment. Doc. No. 64.

In sum, Defendant argues that Plaintiff's FDCPA and FCCPA claims are not viable because the transactions at issue were Defendant's collection of state income tax debts on behalf of Indiana's Department of Revenue, which Defendant contends are not "debts" under the FDCPA or FCCPA. *See generally* Doc. No. 39. Plaintiff to this point does not dispute that Defendant was collecting state income tax debts, and indeed wishes to amend his complaint to explicitly allege that the debts at issue stem from issuance of tax warrants by the Indiana Department of Revenue, which accounts were assigned to Defendant. *See* Doc. No. 61-1.

Upon preliminary consideration, the Court finds reply briefing from Plaintiff appropriate, directed to certain targeted issues raised by Defendant's responses. Accordingly, it is **ORDERED** that within **twenty-one (21) days** of the date of this Order, Plaintiff shall file an omnibus reply brief, not to exceed **twenty-five (25)**

[2] Plaintiff initially filed these motions within the 21-day response period to Defendant's motion for summary judgment, Doc. Nos. 49–50, but the Court denied those motions without prejudice for failure to comply with the Local Rules, Doc. No. 51. The Court permitted Plaintiff through June 17, 2024 to renew the motions, and thus the filings before the Court are timely. *See* Doc. No. 51.

**pages** in length, addressing, by citation to applicable legal authority and evidence where appropriate, the following:

1. Whether Plaintiff is disputing that the alleged debt collection at issue was solely the collection of state income tax debts.

2. If Plaintiff is not disputing that the debt collection was solely the collection of state income tax debts, legal authority supporting a position that claims under the FDCPA and FCCPA may proceed as set forth in the operative amended complaint (Doc. No. 30). *See, e.g.*, *Dressler v. Equifax, Inc.*, 805 F. App'x 968, 973 (11th Cir. 2020) ("Because tax obligations do not arise from business dealings or other consumer transactions they are not 'debts' under the FDCPA."); *see also generally O'Driscoll v. Arbor Grove Condo. Ass'n, Inc.*, No. 8:22-cv-1984-VMC-JSS, 2023 WL 3197877, at *2 (M.D. Fla. May 2, 2023) ("Both the FDCPA and FCCPA apply only to a 'debt' as that term is defined by each statute. Under both statutes, 'debt' is defined as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, . . . or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" (quoting 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(1)).

3. What precise discovery Plaintiff contends would be necessary to respond to Defendant's motion for summary judgment, which is primarily

premised on the fact that state income tax debts do not qualify as debts under the FDCPA or FCCPA. *See* Fed. R. Civ. P. 56(d). Plaintiff's current submissions generally asserting that summary judgment is premature prior to discovery (Doc. No. 55-1 ¶ 5) do not suffice. *See, e.g.*, *Mathurin v. State Farm Mut. Auto. Ins. Co.*, 285 F. Supp. 3d 1311, 1324–25 (M.D. Fla. 2018) (a "mere assertion that summary judgment is premature because discovery has not been conducted—fails to meet the requirements of Rule 56(d)"). To the extent that Plaintiff contends that discovery would be warranted to dispute the validity of the debt, *see* Doc. No. 55, at 3, Plaintiff must provide citation to legal authority demonstrating that such inquiry is appropriate, given that state income tax obligations do not appear to constitute "debt" for purposes of the FDCPA or FCCPA.

4. To the extent that the Court finds or Plaintiff concedes that no identifiable discovery is necessary to respond to Defendant's motion for summary judgment, whether Plaintiff wishes to file a response to the motion for summary judgment, or if he instead would choose to deem his supplemental briefing in response to this Order sufficient.

5. Why amendment to the complaint to explicitly allege that the debts at issue stem from issuance of tax warrants by the Indiana Department of Revenue would not render amendment under the FDCPA and FCCPA futile,

as Defendant argues. *See Dressler*, 805 F. App'x at 973 (affirming dismissal with prejudice of FDCPA claims because "tax obligations do not arise from business dealings or other consumer transactions [and] they are not 'debts' under the FDCPA."); *see also, e.g.*, *Greene v. New York State Dep't of Tax'n & Fin.*, No. 22-CV-5261 (JMF), 2022 WL 17539123, at *2 (S.D.N.Y. Dec. 8, 2022) (amendment futile because unpaid income taxes did not constitute a "debt" under the FDCPA); *Carter v. Cap. One*, No. 3:20-CV-00684-FDW-DSC, 2021 WL 1124786, at *3 (W.D.N.C. Mar. 24, 2021) (same).[3]

6. Why amendment to the complaint to assert claims against Defendant under the Electronic Fund Transfer Act ("EFTA") and Consumer Financial Protection Act ("CFPA") would not be futile, given that the EFTA applies to "financial institutions," and the CFPA applies to the offering or providing of a "consumer financial product or service."

7. To the extent that the FDCPA, FCCPA, EFTA, and CFPA claims would fail, why amendment to the complaint to assert three state law claims (conversion, trespass to chattels, and unjust enrichment), would not be futile,

[3] The Court notes that the proposed second amended complaint also contains allegations regarding "additional fees" imposed by prior Defendant JP Morgan Chase Bank. Doc. No. 61-1, at 5. Given that these fees were not imposed by United Collection Bureau, the Court fails to see how these "additional fees" could support a claim under the FDCPA or FCCPA against United Collection Bureau. *See id.* at 7. To the extent that Plaintiff makes such an argument, he must provide citation to legal authority in support.

as the Court would likely decline to retain jurisdiction if there were no viable federal claims. *See generally Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." (citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984))).

**Failure to timely file an omnibus reply brief may result in a determination that Plaintiff has abandoned his pending motions (Doc. Nos. 55-56, 61). Plaintiff's omnibus reply brief must address each of the issues outlined in this Order and must contain citation to pertinent legal authority in support of his position on each of these issues. Any issue not addressed, or any issue addressed without citation to legal authority in support, will be deemed a waiver of argument on that issue.**

In the alternative to filing a reply brief, Plaintiff may of course pursue voluntary dismissal, in accordance with the requirements set forth in Federal Rule of Civil Procedure 41(a)(1)(A)(ii), (a)(2).

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2024.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties