# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RICHARD LOISEAU,

        Plaintiff,

v.                                                    Case No:   6:24-cv-451-WWB-LHP

UNITED COLLECTION BUREAU,
INC.,

        Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT UNITED COLLECTION BUREAU, INC.'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 39)** |
| **FILED:** | **May 15, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice as premature**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED RULE 56(d) MOTION FOR DEFERRAL OF CONSIDERATION OR DENIAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 55)** |

**FILED:** **June 17, 2024**

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

**MOTION:** **PLAINTIFF'S RENEWED MOTION FOR CONTINUANCE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 56)**

**FILED:** **June 17, 2024**

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

**MOTION:** **PLAINTIFF'S AMENDED MOTION TO STRIKE AFFIDAVIT OF MICHELLE S. VELASCO (Doc. No. 71)**

**FILED:** **August 19, 2024**

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

Plaintiff Richard Loiseau, an attorney appearing *pro se*, instituted this action against Defendant United Collection Bureau, Inc. by complaint filed on March 4, 2024.   Doc. No. 1.[1]   The operative pleading is Plaintiff's amended complaint, filed

---

[1] Plaintiff also sued JP Morgan Chase Bank, N.A., but the claims against JP Morgan Chase Bank, N.A. were resolved and that Defendant dismissed from the case.   *See* Doc. Nos. 33–34, 36.

on May 1, 2024, which asserts claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").   Doc. No. 30.   Defendant has not yet answered the amended complaint, and instead filed a motion for summary judgment on May 15, 2024.   Doc. No. 39.   According to Defendant, the debt collection at issue underlying Plaintiff's claims was the collection of an Indiana state income tax debt, which does not satisfy the definition of "debt" under the FDCPA and FCCPA, thus warranting summary judgment in Defendant's favor.   *Id.*   Defendant submits in support a Claim of Levy sent by Defendant to Regions Bank (Doc. No. 39-1), Defendant's internal account notes regarding collections related to Plaintiff (Doc. No. 39-2), and a Declaration of Michelle S. Velasco (Doc. No. 39-3).   The motion for summary judgment was referred to the undersigned.

After Defendant filed the motion for summary judgment, Plaintiff filed two motions seeking to stay his deadline to respond.   Doc. Nos. 55–56.   First, Plaintiff filed a motion under Federal Rule of Civil Procedure 56(d) to defer consideration of or for denial of the motion for summary judgment, arguing that discovery is necessary to oppose the motion.   Doc. No. 55.   Second, Plaintiff filed a motion for a 6-month continuance of his deadline to respond to the motion for summary judgment, for the same reason.   Doc. No. 56.   Upon receipt of Defendant's responses in opposition to these motions, the undersigned directed a reply from

Plaintiff, addressing several targeted issues.   Doc. No. 65; *see also* Doc. Nos. 62–63.[2] Upon receipt of Plaintiff's reply briefing, Doc. No. 69, the above-styled matters are ripe for review.   Upon consideration, Plaintiff's Rule 56(d) motion for discovery prior to resolution of the motion for summary judgment will be granted in part, and Defendant's motion for summary judgment denied without prejudice based upon same.

Generally, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion."); *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.").

Here, although Defendant submits a declaration and related exhibits to support its motion, the undersigned is not convinced that such exhibits conclusively

---

[2] During the same period Plaintiff filed a motion for leave to file a second amended complaint, Doc. No. 61, which Defendant opposed. Doc. No. 64.   Plaintiff later withdrew the request.   Doc. No. 72, *see also* Doc. No. 74.

demonstrate that judgment in Defendant's favor is appropriate or that Defendant's declaration must be credited, at this point, over any contrary information Plaintiff may obtain during discovery disputing same (and which Plaintiff disputes at this juncture, *see* Doc. No. 69, at 2).   Notably, the discovery deadline is over six (6) months away.   Doc. No. 44, at 1.   And "part[ies] opposing a motion for summary judgment ha[ve] the right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery . . . ."   *Snook*, 859 F.2d at 870.   Accordingly, the undersigned finds Defendant's motion for summary judgment premature.   *See, e.g.*, *Jackson v. Corizon Health, Inc.*, No. 3:18-cv-1041-J-34JBT, 2019 WL 6525946, at *2 (M.D. Fla. Dec. 4, 2019) (finding summary judgment premature where "[a]s is evident from the brief procedural history of this case, the . . . Motion precedes not only Defendant's response to the Amended Complaint, but also the exchange of discovery between the parties"); *see also Asphalt Paving Sys., Inc. v. Blacklidge Emulsions, Inc.*, No. 8:21-cv-2189-CEH-CPT, 2022 WL 88139, at *2 (M.D. Fla. Jan. 7, 2022) ("A premature decision on summary judgment impermissibly deprives the opposing party of its right to utilize the discovery process to discover the facts necessary to justify its opposition to the motion." (citing *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996))).

Based on the foregoing, it is **ORDERED** that Plaintiff's Renewed Rule 56(d) Motion for Deferral of Consideration or Denial of Defendant's Motion for Summary

Judgment (Doc. No. 55) is **GRANTED in part**, to the extent that Defendant's Motion for Summary Judgment (Doc. No. 39) is **DENIED without prejudice as premature**. Defendant may file a renewed motion for summary judgment at the appropriate time, *after* an adequate period for discovery.

Given these rulings, Plaintiff's Renewed Motion for Continuance to Respond to Defendant's Motion for Summary Judgment (Doc. No. 56) is **DENIED as moot**. And because it is unnecessary for the Court to address the merits of Plaintiff's Amended Motion to Strike Affidavit of Michelle S. Velasco (Doc. No. 71) to resolve these issues, nor does the Court require a response to this motion from Defendant, Plaintiff's Amended Motion to Strike Affidavit of Michelle S. Velasco (Doc. No. 71) is also **DENIED as moot**.

Defendant is directed to file its response to Plaintiff's amended complaint (Doc. No. 30) within **fourteen (14) days from the date of this Order.**

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -