**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICHARD LOISEAU,

        Plaintiff,

v.                                                        Case No:   6:24-cv-451-WWB-LHP

UNITED COLLECTION BUREAU,
INC.,

        Defendant

_____

**ORDER**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION TO WITHDRAW (OR
> AMEND) DEEMED ADMISSIONS (Doc. No. 92)**
>
> **FILED:     May 7, 2025**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    RELEVANT BACKGROUND

On March 4, 2024, Plaintiff Richard Loiseau, an attorney barred in another

state representing himself in this case *pro se*, filed a complaint against Defendant

United Collection Bureau, Inc., alleging violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").   Doc. No. 1.   The operative pleading is Plaintiff's amended complaint, which again asserts violations of the FDCPA and FCCPA against Defendant.[1]   Doc. No. 30.   In sum, Plaintiff contends that Defendant unlawfully levied and/or placed holds on several of Plaintiff's bank accounts without prior notice or contact regarding any alleged debt.   *Id.*

This case has traveled a somewhat tortured path, with fault resting on both sides' inability to comply with applicable Local Rules, Federal Rules of Civil Procedure, and Court Orders.   *See, e.g.*, Doc. Nos. 27, 32, 35, 42-43, 48, 51, 53, 57, 60, 77, 79, 83, 87.   Eventually, however, the case proceeded through discovery, which commenced on or about May 1, 2024 and concluded on March 3, 2025.   Doc. No. 44.   *See also* Doc. No. 38; Fed. R. Civ. P. 26(d)(1).   Neither party filed any discovery motions (such as motions to compel or for protective order) during the more than 10-month discovery period.

On January 29, 2025, Defendant served on Plaintiff ten (10) Requests for Admission ("RFAs").   Doc. No. 81-1.   Plaintiff did not respond to the RFAs within

---

[1] Plaintiff also initially asserted claims against JPMorgan Chase Bank, N.A., however JPMorgan Chase Bank, N.A., was terminated from the case on May 13, 2024 and all claims against it dismissed pursuant to a notice of settlement.   Doc. Nos. 33-34, 36.

30 days of service, and did not request an extension of time to respond. Accordingly, they were deemed admitted.    *See* Fed. R. Civ. P. 36(a)(3).

Defendant moved for summary judgment on the April 2, 2025 deadline.    *See* Doc. Nos. 44, 81.    In support of the motion, Defendant relies on a Declaration of Michelle S. Velasco, Defendant's Director of Compliance, and attached exhibits, and Plaintiff's admitted RFAs.    Doc. No. 81, at 2-3; Doc. No. 82.    Plaintiff timely responded to the summary judgment motion on May 7, 2025.    Doc. No. 93; *see also* Doc. No. 91.[2]    That same day, Plaintiff also filed the above-styled motion seeking to withdraw his RFA admissions and to submit amended responses.    Doc. No. 92. Defendant has filed a response in opposition.    Doc. No. 96.

Upon consideration of Plaintiff's motion and Defendant's response, and for the reasons discussed below, the motion is due to be granted.

## II.    ANALYSIS

Federal Rule of Civil Procedure 36 governs requests for admission, allowing a party to serve a written request to admit the truth of any matters within the scope of discovery relating to "facts, the application of law to fact, or opinions about either," and "the genuineness of any described documents."    Fed. R. Civ. P.

---

[2] The motion for summary judgment is now fully briefed and is pending before the Presiding District Judge.    Doc. Nos. 81-82, 93.    Trial is currently scheduled for the term commencing September 2, 2025.    Doc. No. 44.

36(a)(1)(A), (B).   "Essentially, Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial."   *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (quotation marks, citation, and emphasis omitted).   "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."   Fed. R. Civ. P. 36(a)(3).

Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.   Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."   Fed. R. Civ. P. 36(b).   Based on this language, the Eleventh Circuit has held that district courts should apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Perez*, 297 F.3d at 1264 (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)).   "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case."   *Id.* (citations omitted).   A district court abuses its discretion under Rule

36(b) when it denies a motion to withdraw or amend admissions by applying some other criterion beyond this two-part test, or grossly misapplies the two-part test. *Id.* at 1265. "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Id.* (quoting *First Nat'l Bank*, 837 F.2d at 1577-78).

In his motion, Plaintiff admits that Defendant served the RFAs on him by email on January 29, 2025. Doc. No. 92, at 2. Plaintiff asserts that the email was automatically routed to his bulk junk folder, and therefore he was not aware of the RFAs until after the deadline to respond had passed. *Id.* Upon discovery of the "oversight," Plaintiff requested a short extension or stipulation to withdraw the admissions, but "[t]he deal fell through." *Id.*

Based on these representations, the Court finds there is no dispute that the RFAs were deemed admitted under Rule 36(a)(3). As such, the Court now turns to the two-part test to determine whether the admissions should be withdrawn and amendment permitted.

The first prong, whether the withdrawal would promote presentation of the merits, "emphasizes the importance of having the action resolved on the merits, . . . and is satisfied when upholding the admissions would practically eliminate any

presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (internal quotation marks and citations omitted).   On this point, Plaintiff argues that the RFAs at issue address key elements of Plaintiff's claims (such as whether Defendant engaged in any willful violations of the FDCPA or FCCPA) and key elements of Defendant's defenses (such as whether the debt being collected constitutes a tax debt exempt from the FDCPA and FCCPA).  *Id.*, at 3.   If the RFAs are permitted to stand as admitted, Plaintiff argues that Defendant will effectively be granted summary judgment "irrespective of actual evidence."  *Id.*

In response, Defendant argues that Plaintiff's case on its face has no merit because it is undisputed that the debt Defendant was attempting to collect constitutes a tax debt exempt from the FDCPA and FCCPA.   Doc. No. 96, at 7-8. *See also Dressler v. Equifax, Inc.*, 805 F. App'x 968, 973 (11th Cir. 2020) ("Because tax obligations do not arise from business dealings or other consumer transactions they are not 'debts' under the FDCPA." (citations omitted)); Fla. Stat. § 559.55(6) (defining "debt" or "consumer debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment").   Thus, withdrawing Plaintiff's RFA's will not aid in the

presentation of the merits in this case, as Plaintiff's case fails as a matter of law regardless.   Doc. No. 96, at 7-8.

The Court is not so convinced.   First, Defendant's summary judgment motion relies in large part on the Declaration of Ms. Velasco and the documents attached to that Declaration.   *See* Doc. Nos. 81-82.   If Plaintiff were allowed to withdraw and amend his RFAs, it would have no impact on Defendant's reliance on that Declaration and exhibits, and the summary judgment motion would proceed to resolution.   Moreover, Defendant relies upon Plaintiff's deemed admissions that Plaintiff has no evidence of any willful violations of either the FDCPA or the FCCPA.   *See* Doc. No. 81, at 3.   However, Plaintiff's proposed amended RFAs either do not seek to change his admissions, *see* Doc. No. 92, at 9-10, or merely point to evidence that Plaintiff obtained from Defendant itself – evidence that Defendant clearly has and has relied upon in its summary judgment motion. *See* Doc. No. 92, at 10.   The other RFAs relate to whether or not Plaintiff admits that he had a tax debt that Defendant collected upon, a key issue in this case which will rest on the persuasiveness of the evidence Defendant has attached to its summary judgment motion, as well as any other evidence Defendant has in its possession (should the case go to trial).[3]   In other words, if Plaintiff's RFAs are withdrawn

_____

[3] The Court also questions whether the documents Defendant has provided – a

and/or amended, the case can proceed on the merits to a resolution – either at summary judgment or trial. If the RFAs are not withdrawn, however, the case ends now as Plaintiff would be conclusively admitting that he has no case. *See United States v. DeGayner*, No. 6:06-cv-1462-Orl-19KRS, 2008 WL 2338079, at *3 (M.D. Fla. June 3, 2008) (granting plaintiff's motion to withdraw admissions where the RFAs related to key issues of liability and damages; allowing withdrawal of the admissions "would aid in the ascertainment of the truth and development of the merits of the case"); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005) (allowing withdrawal of RFAs deemed admitted under Fed. R. Civ. P. 36(a)(3) where the admissions would effectively bar plaintiff from establishing liability).

The Court also finds that Plaintiff has satisfied the second prong of the two-part test – whether Defendant will be prejudiced by the withdrawal and amendment to the RFA. On this point, Plaintiff argues that his motion was brought in a timely manner, within five (5) days of the date he became aware of the

---

Claim of Levy created by Defendant and its own account notes – are by themselves sufficient to establish as a matter of law that the debt it was collecting was a tax debt. Of course, the summary judgment motion is not before the undersigned and this issue is one that will be resolved at another time. Rather, the Court is merely stating that establishing whether the debt being collected is outside the purview of the FDCPA and FCCPA may not be the slam dunk Defendant argues that it is. This is all the more reason to allow the case to proceed to resolution on the merits versus RFA admissions.

RFAs; that Defendant already possesses all of the evidence and witnesses relevant to this case and therefore there is no element of surprise; and allowing withdrawal and amendment of the RFAs will at most impact the briefing on Defendant's summary judgment motion, not wholesale rescheduling of trial dates.   Doc. No. 92, at 4.

The Court disagrees with Plaintiff's first point – the present motion was not filed until May 7, 2025, more than two (2) months after the close of discovery and more than one (1) month after Defendant filed its summary judgment motion. Moreover, the latest date Plaintiff became aware of the RFA admissions was March 26, 2025, based on email correspondence between the parties.   *See* Doc. No. 81-2. Yet Plaintiff still waited until May 7, 2025 to seek relief from the admitted RFAs.[4]

Putting aside whether Plaintiff's delay is excusable, the Court finds Plaintiff's other arguments persuasive.   The Eleventh Circuit has explained that "[t]he prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.

---

[4] Defendant spends a large portion of its response focusing on these facts, as well as arguing that Plaintiff has misrepresented his role in the failure to respond to the RFAs. Doc. No. 96, at 1-5.   However, as the Eleventh Circuit made clear in *Perez*, whether excusable neglect exists for the failure to timely respond to RFAs is not the test for permitting withdrawal.   In fact, it is an abuse of discretion for the Court to focus on that alone – the two-part test must be applied and that is what the Court has done here.

Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266 (citation omitted). As Plaintiff notes, the evidence Defendant appears to rely upon in this case comes from Defendant itself – its own witnesses and own documents. Indeed, in his proposed amended RFA responses, Plaintiff only points to Defendant's own evidence and interrogatory responses, there does not appear to be any other evidence or witnesses that Plaintiff is now springing on Defendant. *See* Doc. No. 92, at 10.

In its response, Defendant claims that it will suffer severe prejudice if the RFAs are withdrawn and amended because Plaintiff "has completely failed" to respond to any of Defendant's discovery, to include its interrogatories and requests for production, and with discovery now closed, Defendant would be "handcuff[ed]" and unable to pursue any additional discovery related to Plaintiff's RFA responses. Doc. No. 96, at 3, 5. But other than these general statements, Defendant does not identify any evidence it must now suddenly obtain in order to move forward with the case. Moreover, as previously noted, throughout the ten (10) month discovery period Defendant never moved to compel Plaintiff to respond to any of Defendant's discovery requests – thus any failure to obtain discovery in

this case seems to be – at least partially – a problem of Defendant's own making.[5]

*See Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 2580769, at *4 (S.D. Fla. June 29, 2011) (allowing admitted RFAs to be withdrawn and finding no prejudice where plaintiff chose not to take witness depositions before the discovery deadline and third-party defendant chose not to move to compel better interrogatory responses – these failures could not be used to bootstrap the deemed admissions); *DeGayner*, 2008 WL 2338079, at *3 (finding no prejudice where defendant delayed filing motion to compel until the last day of the discovery period and motion failed to comply with local rules; "[t]hus the defendants have not established that it was their reliance on the deemed admissions, rather than their failure to file a proper motion to compel, that caused their prejudice").

And finally, the issues addressed in the RFAs go to the heart of this case – whether or not Defendant violated the FDCPA and/or the FCCPA, and whether the debt being collected constitutes a tax debt exempt from these statutes. Defendant has placed this issue before the Court since nearly the inception of this case, using the same evidence Defendant attaches to the current summary judgment

––––––––––––––––––––––

[5] The Court is unpersuaded by Defendant's footnote that it could not move to compel due to the close of discovery, particularly given the Court's prior directive that discovery requests must be served in time to allow a response under the applicable Federal Rules of Civil Procedure deadline.   *See* Doc. No. 44, at 4.

motion.   *See* Doc. Nos. 25, 25-1, 25-2, 25-3; *see also* Doc. No. 80, at 8.   There is no element of surprise here; the only prejudice Defendant will suffer is to continue litigating this case through summary judgment and/or trial.   And that is not enough to defeat Plaintiff's motion.   *See Green v. Costco Wholesale Corp.*, No. 8:17-cv-1428-T-27AAS, 2018 WL 1899031, at *2 (M.D. Fla. Apr. 20, 2018) ("When the party who obtained the admissions knows – from the start of this case – that she must prove the elements of her cause of action and trial has not yet begun, there is no prejudice to that party under Rule 36(b)." (citing *Perez*, 297 F.3d at 1267-68)); *Reid v. McNeil*, No. 3:09-cv-1283-J-34MCR, 2015 WL 5755898, at *6 (M.D. Fla. Sept. 29, 2015), *aff'd sub nom. Reid v. Neal*, 688 F. App'x 613 (11th Cir. 2017) ("Withdrawal of these admissions does not create any additional difficulty for Reid in proving his case or any sudden need to obtain evidence because Reid is and has been well aware that Defendants disputed the matters contained in the Requests for Admissions.").[6]

## III.   CONCLUSION

While the Court does not condone Plaintiff's lack of diligence nor find Plaintiff's explanation for not timely responding to the RFAs to constitute excusable

---

[6] The Court notes that Defendant did not file a reply brief in support of its summary judgment motion.   *See* Doc. No. 44, at 7.   Should Defendant believe that the withdrawal and amendment of Plaintiff's RFA responses impacts its motion for summary judgment, Defendant is free to file a properly supported motion before the Presiding District Judge.

- 12 -

neglect, under the law of this Circuit, the Court finds that Plaintiff's Motion to Withdraw (or Amend) Deemed Admissions (Doc. No. 92) is due to be **GRANTED**. Plaintiff's admissions to the RFAs pursuant to Fed. R. Civ. P. 36(a)(3) are hereby **WITHDRAWN**.   Plaintiff shall serve a signed version of the amended RFAs attached to the motion (Doc. No. 92, at 8-12) on Defendant within **seven (7) days** from the date of this Order.   All objections to the requests for admission have been waived due to Plaintiff's failure to timely assert them.   *See DeGayner*, 2008 WL 2338079 at *4.

The Court also directs the parties' attention to Federal Rule of Civil Procedure 37(c)(2), which states: "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."

**DONE** and **ORDERED** in Orlando, Florida on May 29, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -