UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD LOISEAU,

       Plaintiff,

v.                                                Case No.: 6:24-cv-451-WWB-LHP

UNITED COLLECTION BUREAU, INC.,

       Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Response to Order to Show Cause ("**Response**," Doc. 122). On August 13, 2025, the Court ordered Plaintiff to show cause why sanctions should not be imposed for failure to confer and comply with the Court's Pretrial Statement deadline. (Doc. 121). The Court previously granted an extension of that deadline up to and including August 11, 2025, to accommodate Plaintiff's travel schedule. (Doc. 112). The parties still missed the deadline. Defendant, however, moved for another extension on August 11. (Doc. 118). Defendant's motion details its efforts to confer with Plaintiff to meet the deadline and avoid violating the Order that extended it. (*Id.* at 2–3). In essence, Defendant gave notice that it would not file a unilateral or incomplete Pretrial Statement in violation of the Court's Case Management and Scheduling Order, (Doc. 44 at 8), but acknowledged that it was unable to take any further action besides refiling for an extension, (Doc. 118 at 2–3). The Court, therefore, entered its Order to Show Cause.

Plaintiff's Response, however, is completely unresponsive. Again, the Court ordered Plaintiff to show cause why sanctions should not be imposed "for failure to comply

with the [August 11, 2025] Pretrial Statement Deadline," which the Court had extended only one week prior to accommodate Plaintiff's travel schedule. (Doc. 121; *see also* Doc. Nos. 112, 114). Plaintiff's Response makes little of violating the August 11 deadline and instead details his efforts to finalize a Pretrial Statement *before* the extension was granted and *after* the extended deadline had passed. (Doc. 122 at 2–5). The only thing Plaintiff claims to have accomplished during the extension is an "[e]xchange regarding exhibits" on August 8. (*Id.* at 3). Plaintiff's Response, therefore, fails to allege any good-faith attempt to meet the Court's deadline. Moreover, unlike some of Plaintiff's other claims regarding conferral, the August 8 "exchange" he alleges is unsupported by an exhibit. (*Id.* at 3, 14–26). And despite Plaintiff's assurance that, as of August 16, 2025, "the substantive work" on the Pretrial Statement was complete, and all that remained was "procedural coordination for filing," the Pretrial Statement was not filed for an additional ten days. (*Id.* at 4; *see also* Doc. 123). Plaintiff "apologizes . . . for any appearance of non-compliance," perhaps suggesting that the Court should disregard his overt noncompliance as some sort of mirage. (*Id.* at 2). The Court will not. This case will be dismissed with prejudice.

  Dismissal with prejudice "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt, and (2) the district court specifically finds that lesser sanctions would not suffice." *Amerson v. Comm'r, Ga. Dep't of Corr.*, No. 20-11179, 2022 WL 628418, at *3 (11th Cir. Mar. 4, 2022) (quotation omitted). Satisfaction of these prongs may be implied by the record. *Id.* "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, [is] generally [within the court's] discretion." *Moon v. Newsome*, 863 F.2d

835, 837 (11th Cir. 1989); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) ("[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.").

Plaintiff, an attorney barred in another state, is representing himself in this action *pro se*. Thus, his noncompliance is attributable to no one else. Plaintiff states that this failure to comply with the August 11 deadline "does not reflect Plaintiff's usual practice or respect for th[e] Court's authority and scheduling orders." (Doc. 122 at 2). The Court disagrees. Plaintiff's usual practice, as demonstrated throughout this litigation, is to disregard Court orders, break Local Rules and Federal Rules of Civil Procedure, and miss timelines. To briefly summarize: The Court has ordered Plaintiff to show cause why sanctions should not be imposed, up to and including dismissal or default, on two past occasions where he missed the Court's deadlines. (Doc. Nos. 35, 42). The Court has admonished the parties—and often Plaintiff specifically—for missing or failing to meet or understand numerous other applicable deadlines. (Doc. Nos. 67, 83, 87, 91, 98, 109). The Court has lamented this case's "tortured path," a result of "both sides' inability to comply with applicable Local Rules, Federal Rules of Civil Procedure, and Court Orders." (Doc. 98 at 2 (citing Doc. Nos. 27, 32, 35, 42–43, 48, 51, 53, 57, 60, 77, 79, 83, 87)). "The Court has repeatedly warned the parties to this action that their habitual noncompliance with applicable rules, timelines, and orders warrants sanctions up to and including an unnoticed entry of default or dismissal." (Doc. 109 (citing Doc. Nos. 6, 35, 42, 48, 51, 57, 67, 77, 79, 83)). And the Court has acknowledged that this habitual noncompliance "evince[s] a willful disregard" for applicable rules and the Court's orders. (*Id.*).

Defendant appears to have course-corrected in light of the Court's unwavering admonishments. Plaintiff, however, has not. He has, once again, failed to meet an applicable deadline established by Order of the Court and disregarded the opportunity granted to cure his indiscretion. Moreover, his Response—aside from being unresponsive—violates Local Rule 1.08(a) and the Court's January 13, 2021 Standing Order. This is, of course, despite the Court's numerous warnings that doing so would warrant dismissal. (Doc. Nos. 6, 35, 42, 48, 51, 57, 67, 77, 79, 83, 109). The Court will no longer spend its limited resources policing a party that has demonstrated no interest in abiding by the Court's timelines, rules, and orders—"justice does not require district courts to waste their time on hopeless cases." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

Accordingly, it is **ORDERED** that this case is **DISMISSED with prejudice**. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on September 8, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party